# GEORGE v. DAWSON.

No. 15060—Opnion Filed June 3, 1924.

(Syllabus.)

**Pleading—Judgment on Pleadings — When Improper for Plaintiff.**

When the pleadings in a case consist solely of the petition of the plaintiff and the answer of the defendant, and the answer contains a general denial and no admission of certain facts alleged in the plaintiff's petition and essential to the right of the plaintiff to recover, and which alleged facts are lawfully put in issue by a general denial, the plaintiff is not entitled to recover judgment on the pleadings in the case.

Error from District Court, LeFlore County; Hal Johnson, Assigned Judge.

Action by C. O. Dawson against J. E. George. Judgment for plaintiff, and defendant brings error. Reversed and remanded, with instructions.

Lunsford & Bulgin, for plaintiff in error.

C. C. Williams, for defendant in error.

LYDICK, J. In the lower court C. O. Dawson brought this action against J. E. George, alleging that at a municipal election in the city of Poteau to fill the office of chief of police of that city a certificate of election was issued to J. E. George as having been elected to that office, and that pursuant thereto the said J. E. George had assumed and was acting in that official capacity. The plaintiff, C. O. Dawson, made certain allegations of fact in his petition upon which he prayed that the defendant, George, be ousted from that office and that he, the plaintiff, be declared to be duly elected chief of police of said city. The defendant, George, filed his answer in writing, the first allegations of which are as follows:

"The defendant J. E. George, for answer to the petition of the plaintiff, denies each and every material allegation in said petition therein contained except such as are hereinafter specifically admitted."

In the succeeding paragraphs the defendant admits Poteau to be a municipal corporation and that on the date specified an election was held therein for the election of chief of police, and admits that he, the defendant, received 412 votes as against the plaintiff's 399 votes, according to the official canvass thereof, and that a certificate of election had been issued to him as such chief of police, and that he was then acting in that official capacity. The plaintiff, Dawson, in his petition had alleged that he had received, according to the official canvass, a majority of the votes in all the wards except in ward 2, and that if the election in ward 2 was found to be illegal and the returns from that ward rejected and the result of the election declared upon the votes cast in the other wards, he, the plaintiff, Dawson, would have a majority of the votes thus canvassed and be entitled to the certificate of election and to the office. In

his petition he set out the primary facts and figures to support this contention.

All these facts stand denied by the general denial contained in the defendant's answer, and there is in the answer no statement which can be construed into an admission of these alleged facts. Without them the plaintiff, Dawson, would not be entitled to recover in his action, for it would make no difference how irregular or illegal the election proceedings may have been in ward 2, if the returns from that ward did not change what would otherwise be the result of the election.

The plaintiff, Dawson, filed a motion for judgment on the pleadings, consisting of the petition and answer, as aforesaid, and the lower court sustained the motion and rendered judgment ousting the defendant, George, from office and installing the plaintiff, Dawson, therein, all over the objections and exceptions of the defendant, George, who brings the case here on appeal by petition in error with transcript attached.

When the pleadings in a case consist solely of the petition of the plaintiff and the answer of the defendant, and the answer contains a general denial and no admission of certain facts alleged in the plaintiff's petition and essential to the right of the plaintiff to recover, and which alleged facts are lawfully put in issue by a general denial, the plaintiff is not entitled to recover judgment on the pleadings in the case.

For reasons stated, the judgment of the lower court is reversed and the cause is remanded, with instructions to overrule the plaintiff's motion for judgment on the pleadings and to reinstate the defendant, George, in the office of chief of police, and to otherwise proceed according to law with the making up of the issues and disposition of this cause.

McNEILL, NICHOLSON, BRANSON, HARRISON, and GORDON, JJ., concur.